**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 11-196 (JRT/JSM) |
| Plaintiff, | |
| v. | **ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE** |
| ANTONIO ANTWON ANDOLINI, | |
| Defendant. | |

Karen B. Schommer, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415, for plaintiff.

Julius A. Nolen, **NOLEN LAW OFFICE**, 333 Washington Avenue North, Suite 300, Minneapolis, Minnesota 55401, for defendant.

Defendant Antonio Antwon Andolini has been charged with mail fraud, access device fraud, social security fraud, and aggravated identity theft. Andolini seeks suppression of evidence seized under two search warrants, arguing that the warrants were insufficiently supported by probable cause. Andolini also seeks an evidentiary hearing under *Franks v. Delaware*. Following a motions hearing, United States Magistrate Judge Janie S. Mayeron issued a Report and Recommendation ("R&R") finding that probable cause supported the issuance of both warrants and that Andolini had made no offer of proof to justify a *Franks* hearing. The Court has reviewed *de novo* Andolini's objections to the R&R. *See* 28 U.S.C. § 636(b)(1)(C); D. Minn. L. R. 72.2. For the reasons set forth

below, the Court overrules Andolini's objections, adopts the R&R, and denies Andolini's motion to suppress.

## BACKGROUND

The challenged search warrants were issued on February 15 and February 22, 2011.[1]  Both warrants authorize searches of the same property, an apartment in Hilltop, Minnesota and a storage locker in the apartment building. Detective Bernie Bogenreif of the Hennepin County Sheriff's Office applied for both warrants and submitted affidavits supporting each warrant application. Both applications provide a non-exclusive list of "identifying documents not belonging to the occupants" sought to be discovered during the search. (Appls. for Search Warrants and Supporting Affs., Feb. 15, 2011, Feb. 22, 2011, Docket No. 21, Exs. A & B.)

The affidavits accompanying the warrant applications set forth the following facts. On January 13, 2011, a male identifying himself as "Micheal Sloany Gellar" applied for welfare benefits in Minneapolis, using the social security number of a "Michael Sloane Gellar." The person applying for benefits also produced a false birth certificate with the name "Michael Sloany Geller" that appeared to have been computer generated, as well as a South Dakota ID card obtained on December 22, 2010. Detective Bogenreif viewed a photograph of the individual applying for benefits and described him as a "light skinned black male with grey or hazel eyes." (*Id.*) Bogenreif discovered through investigation that "Michael Sloane Gellar" is a white male with a Minnesota driver's license.

---

[1] Because Andolini's motion is based solely on the warrant applications and affidavits, the Court's probable cause inquiry is restricted to the four corners of those documents.

Bogenreif also viewed "Facebook" photos depicting the same person as in the Minnesota driver's license files, and stated: "Your affiant believes that the white male in the DVS files is the real Michael Gellar." (*Id.*) Bogenreif then checked the Minnesota driver's license records for Michael Gellar:

> The photo of the male applying for benefits matches the driver's license photo of MICHAEL NMN GELLAR, 05/07/1979. The MN DL record for Michael NMN Gellar is a "Tracer" file indicating that the DL file is linked to a DL file under another name. Your affiant learned that the subject of the tracer file is ANTONIO ANTWON ANDOLINI, 05/06/1975. Your affiant compared photos of Andolini with the photos of "Gellar" and found that they match. Your affiant learned that Andolini has an alias of EDWARD ALANDIS SISTRUNK, 05/06/1975. Andolini has an active felony warrant for his arrest from Anoka County under the name Edward Sistrunk.

(*Id.*)

Bogenreif then located a driver's license address for Andolini in Hilltop, Minnesota, located a vehicle registered to Andolini in the apartment building's parking lot, and witnessed Andolini exiting the apartment. Bogenreif viewed storage lockers for the apartments, labeled by apartment number, through a window from the sidewalk. (*Id.*)

The affidavit accompanying the second warrant application sets forth the same facts, but adds an additional three paragraphs noting that (1) the execution of the February 15 warrant yielded numerous items pertinent to the case; (2) Bogenreif learned on February 18, 2011 that Andolini "released keys, papers and a cell phone" to his brother from his jail property, and that his brother resides at the same address; and (3) Bogenreif expected to again find evidence relevant to the identity theft and welfare

fraud charges at the address. (Appl. for Search Warrant and Supporting Aff. and Receipt, Feb. 22, 2011, Docket No. 21, Ex. B.)[2]

The Magistrate Judge concluded that probable cause supported the issuance of both warrants, and denied Andolini's request for a *Franks* hearing, finding that Andolini had made no offer of proof to support his assertion of an intentional material omission in the warrant request. (R&R at 8, Aug. 4, 2011, Docket No. 25.)

## ANALYSIS

Andolini challenges both the Magistrate Judge's probable cause determinations and denial of his request for a *Franks* hearing. The Court addresses each of Andolini's arguments in turn.

### I. PROBABLE CAUSE

A search warrant must be based upon a finding that there is probable cause to believe that evidence of a crime will be found in the place searched. *See United States v. Proell*, 485 F.3d 427, 430 (8th Cir. 2007). Probable cause exists if, considering the totality of the circumstances, a reasonable person could conclude that there is a "fair probability" that the object of the search warrant may be found in the place searched. *United States v. Fladten*, 230 F.3d 1083, 1085 (8th Cir. 2000) (citing *Illinois v. Gates*, 462

---

[2] Detective Bogenreif executed the first warrant on February 17, 2011, and seized items including cell phones, blank check paper, a typewriter, checks, a temporary driver's license with two names, and a social security card for another individual. (Receipt, Inventory and Return, Feb. 15, 2011, Docket No. 21, Ex. A.) Detective Bogenreif executed the second warrant on February 22, 2011, and seized items including Andolini's Minnesota driver's license, a copy of a Minnesota driver's license for Thomas Anzur, cell phones, social security cards, and EBT cards. (Receipt, Inventory and Return, Feb. 22, 2011, Docket No. 21, Ex. B.)

U.S. 213, 238 (1983)). "[T]he duty of a reviewing court is simply to ensure that the [issuing judge] had a substantial basis for concluding that probable cause existed." *Gates*, 462 U.S. at 238-39 (internal quotation marks and citation omitted); *see also United States v. LaMorie*, 100 F.3d 547, 552 (8th Cir. 1996). Moreover, a court "may properly rely on normal inferences drawn by the surrounding circumstances and the allegations of facts contained in the affidavit." *United States v. Carlson*, 697 F.2d 231, 238 (8th Cir. 1983) (internal quotation marks omitted).

First, Andolini argues that the warrant applications and affidavits do not provide sufficient facts to establish a connection between the allegations of criminal activity and the apartment searched. "[T]here must be evidence of a nexus between the contraband and the place to be searched before a warrant may properly issue[.]" *United States v. Tellez*, 217 F.3d 547, 550 (8th Cir. 2000). Andolini points to a number of facts not mentioned in the affidavits. For example, the affidavits do not state when and how Detective Bogenreif located Andolini's address through the driver's license system. Nor do the affidavits state when Bogenreif observed Andolini and the vehicle registered to Andolini at the residence searched. Similarly, the affidavits do not contain information about the identity and number of other people residing in the residence, nor do they mention whose name is on the lease, or report observations of other people using the premises. (Def.'s Objections to the Magistrate's R&R at 2, Aug. 17, 2011, Docket No. 28.)

The Court finds that a reasonable person could conclude from the face of the warrant applications and accompanying affidavits that there was a "fair probability" that

the enumerated items would be found in the Hilltop apartment.  *See Fladten*, 230 F.3d at 1085.  Both affidavits recount how Detective Bogenreif uncovered, through a search of the Minnesota driver's license records, that the person posing as Michael Sloane Gellar to obtain welfare benefits was linked to a driver's license in the name of Antonio Andolini, and that the Andolini and "Sloane" driver's license photos matched.  Both affidavits also recount how Bogenreif uncovered Andolini's address through the Minnesota driver's license records and witnessed Andolini exiting the apartment.  The affidavits also state that the person applying for benefits produced a false birth certificate that appeared to be computer generated.  A reasonable person could infer from this information that Andolini was posing as Gellar to obtain welfare benefits, that Andolini resided at the apartment in question, and that there may be "identifying documents not belonging to the occupants" of the apartment located there.  In sum, sufficient probable cause supported the issuance of both warrants.

Andolini also argues that the second warrant was a thinly veiled attempt to conduct a more thorough search of the same premises.  Even if the second application contained sufficient indicia of probable cause as to the items Andolini passed to his brother, Andolini objects that the warrant should have been limited to those items, namely keys, papers, and a cell phone.  Andolini also objects that the affidavits do not state how Bogenreif knew that Andolini had released items to his brother from his jail property, and what he had released.  (*Id.* at 3-4.)

These objections are overruled.  First, simply enumerating facts that the affidavits do not mention is an unproductive means of challenging a finding of probable cause.  The

relevant question is what reasonable inferences may be drawn from the totality of the facts that **are** presented. *See, e.g.*, *United States v. Morales*, 923 F.2d 621, 623-24 (8th Cir. 1991). Second, even if probable cause existed only to search for the items Andolini gave to his brother, suppression of other evidence discovered in the apartment is not an appropriate remedy. "[I]f an officer 'has a valid warrant to search for one item and merely a suspicion concerning the second, whether or not it amounts to probable cause, we fail to see why that suspicion should immunize the second item from seizure if it is found during a lawful search for the first.'" *LaMorie*, 100 F.3d at 552 (quoting *Horton v. California*, 496 U.S. 128, 139 (1990)).

In sum, the Court finds, in light of the facts alleged in the Bogenreif affidavits, that a reasonable person could conclude that there is a "fair probability" that "identifying documents not belonging to the occupants" would be found at the Hilltop, Minnesota residence. *See Fladten*, 230 F.3d at 1085. The issuing judge therefore had a "substantial basis" for concluding that probable cause existed. *Gates*, 462 U.S. at 238-39.

## II.  *FRANKS* HEARING

Andolini argues that it was error for the Magistrate Judge to deny his request for a *Franks* hearing. Warrants obtained through intentionally or recklessly false statements may be invalidated. *Franks v. Delaware*, 438 U.S. 154, 170-72 (1978); *United States v. Hollis*, 245 F.3d 671, 673 (8th Cir. 2001). A separate hearing is required to invalidate a warrant on this basis. To justify a hearing, the Defendant must offer proof amounting to a "substantial preliminary showing" that the supporting affidavit contains false

information or makes an intentionally misleading omission. *Franks*, 438 U.S. at 170. Proof may come in the form of supporting affidavits or other reliable statements. *E.g.*, *United States v. Williams*, 477 F.3d 554, 558 (8th Cir. 2007). Mere allegations, standing alone, are insufficient to make out defendant's preliminary showing. *Franks*, 438 U.S. at 171; *see also United States v. Anderson*, 243 F.3d 478, 482 (8th Cir. 2001). Moreover, the alleged false statement or omission must negate the finding of probable cause. *Franks*, 438 U.S. at 171-72. In other words, the material omitted must have been "clearly critical" to the probable cause finding. *United States v. Reivich*, 793 F.2d 957, 961 (8th Cir. 1986).

Andolini asserts that a Franks hearing is appropriate because Detective Bogenreif "misled the judge by omitting information and misstating facts" in connection with the purpose of the second search. (*See* Def.'s Objection to the Magistrate's R&R at 5.) Andolini does not dispute that he made no offer of proof beyond the warrants themselves. (*See id.* at 4; Hr'g Tr. at 5-7, July 18, 2011, Docket No. 27.) Andolini argues that a *Franks* hearing is nonetheless appropriate because "only by having an evidentiary hearing can he produce the evidence needed to make the strong threshold showing" that *Franks* requires. (*See* Def.'s Objection to the Magistrate's R&R at 4-5.) Andolini "fully expected that he would have the opportunity to cross examine the affiant" about the warrants at the motions hearing before the Magistrate Judge; but because the United States did not call the officer, Andolini was left with only the warrants. (*Id.*)

Andolini is not entitled to a *Franks* hearing. Andolini's bare assertion that Bogenreif misled the judge through omission and misstatement is precisely the kind of

conclusory attack supported by a mere desire to cross-examine that *Franks* held to be insufficient. *See Franks*, 438 U.S. at 171-72.  Andolini cites no authority that would excuse him from satisfying the "not easily met" requirement of a substantial preliminary showing. *United States v. Summage*, 575 F.3d 864, 873 (8th Cir. 2009).  In any event, the information alleged to have been omitted from the affidavits was not "clearly critical" such that its inclusion would have negated the finding of probable cause. *See id.*

## ORDER

Based on the foregoing, and the records, files, and proceedings herein, the Court **OVERRULES** Andolini's objections [Docket No. 28] and **ADOPTS** the Report and Recommendation of the Magistrate Judge dated August 5, 2011 [Docket No. 25]. Therefore, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Suppress Search Warrant Evidence [Docket No. 19] is **DENIED**.

DATED:  October 12, 2011　　　　　　　　　　　s/ John R. Tunheim
at Minneapolis, Minnesota.　　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge